### ORR v ORR et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1298. Decided June 29, 1935

Cross & Miller, Dayton, and Francis Canny, Dayton, for plaintiff.

Allaman, Funkhouser & Murr, Dayton, for defendants.

## OPINION

By BARNES, PJ.

The trial court in a short but very able and well reasoned opinion, supports the contention of plaintiff and we find ourselves in accord with the reasoning therein announced.

In addition to what was said by the Common Pleas Court we call attention to the fact that to follow the construction insisted upon by the administrator would render meaningless and nugatory subdivision (c) of Item 2, so far as distribution of income is provided for therein. Observe the first four lines of this subdivision (c) of Item 2:

"After the foregoing provisions of this will have been fully satisfied, I direct that the income of my estate shall be divided equally between my said children, share and share alike, until my daughter, Ruth Alice Orr, attains the age of thirty years,"

Under the construction urged by counsel for the administrator, the provisions of the will could not be satisfied until the daughter, Ruth Alice Orr, attained the age of

698

thirty years. Subdivision (b) of Item 2 makes full provision for distribution of surplus income over and above the amount required for the care, support and education of the daughter, Ruth Alice.

The provisions of the will could not be fully satisfied so long as there were specific things to be paid by the executors. After the executors had paid for the care, support and education of Ruth Alice and all debts had been paid, as provided under Item 1, then it could be said that the provisions of the will would be fully satisfied and subdivision (c) of Item 2 would then become operative. From that time on the income would be divided equally between the son and the daughter until the daughter, Ruth Alice, arrived at thirty years of age, and thereafter the corpus of the estate would be divided equally between the two devisees.

Taking the will as a whole and giving effect to all its provisions, we think it is apparent that the words "care, support and education" are tied together and that distribution to Ruth Alice for care and support would terminate at the time of the completion of her education.

Entry may be drawn the same as in the court below.

Costs will be taxed against the defendants.

Exceptions will be allowed to defendants.

BODEY, J, concurs.
HORNBECK, J, concurs in judgment.